**William KENNEDY, Chief Public Defender, petitioner, Appellant,**

v.

**Donald OMODT, Hennepin County Sheriff, Respondent.**

No. 48487.

Supreme Court of Minnesota.

March 31, 1978.

William R. Kennedy, pro se., Hennepin County Public Defender, Gerard W. Snell, Robert T. Dolan and Kevin S. Burke, Asst. County Public Defenders, Minneapolis, for appellant.

Gary W. Flakne, County Atty., Paul F. Gilles, Asst. County Atty., Minneapolis, for respondent.

Joseph B. Marshall, Circle Pines, for Minn. State Sheriff's Ass'n. (seeking affirmance).

Thomson & Nordby, St. Paul (seeking reversal) for attorneys: Jack S. Nordby, Douglas W. Thomson, Mark W. Peterson, St. Paul, Philip Resnick, Joseph Friedberg, William Mauzy, Minneapolis, Donald Heffernan, John Connolly, John R. Wylde, Jr., Victor B. Anderson, St. Paul, Peter J. Thompson, Minneapolis, and Ragnhild Westby, St. Paul, amici curiae.

SHERAN, Chief Justice.

This is an appeal from the denial of a petition for a writ of mandamus brought by William R. Kennedy, Chief Public Defender of Hennepin County against Donald J. Omodt, Hennepin County Sheriff. The petition alleged that the sheriff had unreasonably denied the public defender necessary access to his detained clients, which had the effect of depriving these clients of their constitutional right to effective assistance of counsel, and requested the court to order him "to permit attorneys and investigators of the office of the Hennepin County Public Defender [visitation] without limitation as to time, and without restriction on privacy and personal contact." Because the sheriff has instituted a new visitation policy that permits licensed investigators to have personal contact with defendants detained in the Hennepin County Jail,[1] we are dismiss-

1. The sheriff's new rules read as follows:

"RULES
GOVERNING THE VISITATION OF
INMATES LODGED IN THE
HENNEPIN COUNTY ADULT DETENTION
CENTER (HCADC)
BY INVESTIGATORS EMPLOYED
BY ATTORNEYS

"For purposes of these Rules, an "investigator" is defined as an individual who is responsible for the investigation of facts surrounding the crime(s) charged and is directly involved in assisting the attorney up to and during the trial. Furthermore, an investigator is one who is regularly employed by a recognized governmental agency or, if employed by a private attorney, is licensed by the state. (Dispositional advisors, ballistics experts and other related support personnel are not included herein.)
"I. Investigators who are employed by attorneys may be accorded contact-visitation privileges with HCADC inmates (who are clients of the attorney) if the investigator receives clearance from the shift supervisor (see II hereunder). All others may be eligible for non-contact visitation.
"II. Investigators who are not accompanied by the attorney of record may be eligible for contact visitation with HCADC inmates provided that the investigator is employed by a governmental agency or is licensed by the state, and the investigator's employer (attorney) has filed the following data regarding the investigator with the Intake Center at HCADC: Name; office address and phone; weight; hair and eye color; date of birth; driver's license; and date of employment. Upon filing this data, the attorney shall be requested to sign the Acknowledgement set forth herein.
"Having signed the Acknowledgement in duplicate, the attorney shall be issued one copy, and the remaining copy shall be filed in the Intake Center. Thereupon, the investigator

ing this appeal as moot.[2]

By the time of the oral arguments the parties all agreed that detained clients have a right to personal contact with both their attorneys and the licensed investigators employed by their attorneys. The sheriff argues that his newly instituted policy, by recognizing this right, comports with the request for relief in the petition for a writ of mandamus and thus moots this appeal. The public defender construes his petition more broadly and contends that his clients can only be effectively represented if all of his support personnel is permitted contact visitation rights and if such visits can take place after 5:30 p. m. and on weekends. Because the more limited construction of the petition, if not required, is at least reasonable,[3] and because it is hard for us to delve more deeply into this matter given the limited nature of the mandamus proceedings below, we deny further relief at this time.

If the public defender feels that personal contact between his detained clients and additional members of his staff is required for effective representation of his clients, he should apply to the trial judge before whom the case is pending for further relief. Such an application, however, should refer to a particular type of support personnel and present specific facts to demonstrate why contact visitation is needed. If the public defender presents the court with a specific case and a properly developed record, the trial court, in its disposition, should be guided by the following principles:

 (1) A person detained in jail prior to conviction should be accorded the greatest possible opportunity for access to his attorney or to persons designated by his attorney as necessary for the development and handling of his defense.[4]

▉ (2) The custodian of prisoners has an obligation to maintain them securely, which limits unregulated and uncontrolled access by non-attorneys to the attorney's clients.

▉ (3) Any jail policy that limits or regulates a detained defendant's access to his attorney or persons designated by the attorney must be related to the sheriff's need for the secure maintenance of his facility and must be justified by him in these terms.

Appeal dismissed.

shall be fingerprinted and photographed. (These records shall be maintained in the Intake Center where they will be readily accessible to deputies on duty who regularly handle requests for contact visitation by investigators.)

"III. The Sheriff and/or a deputy reserve the right to deny visitation on a contact or non-contact basis if, in the opinion of said individual, such visitations would endanger the safety and/or security of the Hennepin County Adult Detention Center."

2. Because this case comes to us with claims by the public defender that the state is infringing on the constitutional rights of his clients, we are proceeding to the merits of the appeal, assuming, without deciding, that mandamus is an appropriate remedy.

3. The petition speaks solely of attorneys and investigators, and it mentions no other kind of support personnel. Only affidavits of attorneys and investigators accompany the petition. Finally, neither the memorandum accompanying the petition nor the affidavits allege violations other than prohibiting contact visitation by investigators and restricting noontime visits by attorneys.

4. This need for access is recognized by the American Bar Association in its Standards for Defender Systems. These state in pertinent part:

"Every defender system should:

\*  \*  \*  \*  \*  \*

"[p]rovide a place in the court and jail building for private interviews, consultations, and necessary examinations between the accused and his counsel, investigators, and other experts." ABA Standards Relating to Providing Defense Services, App. B., pp. 68–69.

We recognize that the same principles apply to both the public and the private defense bars.